MURDOCK, Judge.
On March 17, 2000, S.J.R. (“the petitioner”) initiated an action in the Probate Court of Jefferson County, pursuant to the Alabama Uniform Guardianship Act, § 26-2A-1 et seq., Ala.Code 1975, seeking the appointment of a conservator for her cousin, V.A.H. (“the respondent”). The conser-vatorship proceedings were removed to the Jefferson County Circuit Court, which ap *1100 pointed S.K.M. as a guardian ad litem and as “court representative” (see § 26-2A-102, Ala.Code 1975). The guardian ad li-tem/court representative then submitted her report to the circuit court; the report concluded that the respondent needed assistance in handling her property and her medical, business, and financial affairs. After conducting an ore tenus proceeding, the circuit court entered a judgment finding the respondent to be incapacitated and appointing J.M.T. as conservator. From that judgment, the respondent appeals. We reverse.
Applicable law required the trial court to follow certain procedural steps in adjudicating the issue of the respondent’s competency. Among these requirements, as the respondent contends, was that it issue an order designating a physician and “direet[ing] that the person to be protected be examined by [that] physician” or by some other qualified person. See § 26-2A-135(b), Ala.Code 1975 (requiring appointment of a physician or other qualified person “if the alleged disability is,” as here, “mental illness, mental deficiency, physical illness or disability, physical or mental Infirmities accompanying advanced age, chronic use of drugs, or chronic intoxication”). The commentary to subsection (b) emphasizes that “this section requires (‘must ’) the court to direct that the person to be protected be examined.” [1] (Emphasis added.) There are no exceptions to this requirement stated in subsection (b).
In the brief that the respondent prepared and submitted to this court, she notes that no physician testified at her trial.[2] Although no transcript of the hearing in this case was made, the record on appeal does include the case action summary sheet and all other orders of the trial court. A review of the record reveals that the trial court did not enter an order designating a physician or ordering a physician to conduct an examination of the respondent.
Moreover, the legislature intended that the same person not be appointed to serve as both the attorney to represent the person to be protected and as the “court representative” charged under the statute with the responsibility for interviewing the person to be protected and for reporting back to the court. See Ala.Code 1975, § 26-2A-135(b); see also § 26-2A-135(d) (affirming right of counsel of the person to be protected to cross-examine the court representative) and § 26-2A-102(b), as well as the comment thereto. Cf. Rules 1.6, 1.7, and 3.7(a), Ala. R. Prof. Conduct. Furthermore, the dual appointment in this case negatively implicated the respondent’s ability to exercise her procedural rights at trial and, in turn, her ability now to support her arguments on appeal.
While the respondent did not make a specific request to the trial court to have separate individuals appointed to serve as *1101 guardian ad litem and as court representative, we find no language in § 26-2A-135 requiring such a request. Rather, that section merely states that “[a]t the request of the person to be protected, the person is entitled to be represented by counsel, at the person’s expense,” and that when that person has not made arrangements to have his or her own counsel, counsel shall be appointed for him or her by the court. There is no reference in subsection (d) to the concept of “separate” counsel or to whether counsel and the court representative may or may not be the same person, nor any language that in any way conditions the right to separate counsel upon a specific request by the person to be protected.
For the reasons stated herein, the judgment of the trial court is reversed, and the cause is remanded for further proceedings. Because the substantive outcome of the case may change on remand, we pretermit consideration of the appropriateness of the. trial court’s awards of attorney fees to the petitioner’s attorney and to the guardian ad litem/court representative.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY and PITTMAN, JJ., concur.
THOMPSON, J., dissents.

. Consistent with the commentary, the term “must” means must. However, even if we could substitute findings from other proceedings for this requirement that the court order the appointment of a physician and an examination by that physician, one would expect that such a substituted finding must meet the same requirements as exist for the appointment of a conservator. While the probate court, at the time of the conservatorship hearing in the circuit court, had entered a judgment mandating a temporary, outpatient commitment of the respondent, the statutes under which the probate court acted do not require the appointment of a physician to conduct an examination. See § 22-52-1 et seq., Ala.Code 1975. Nor do they require a finding that the person to be protected is presently unable to manage her property and business affairs. See § 22-52-10.2, Ala.Code 1975.

. Neither the petitioner nor the conservator provided a brief to this court.